Case 1:17-cv-00036   Document 5   Filed in TXSD on 02/15/17   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
February 15, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **JAVIER CISNEROS,** § | |
| Petitioner § | |
| § | |
| v. § | Civil Action No. 1:17-36 |
| § | Criminal Nos. B:94-181-13 |
| **UNITED STATES OF AMERICA,** § | |
| Respondent § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 13, 2017, Petitioner Javier Cisneros filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be dismissed for lack of jurisdiction as a successive habeas petition.

### I. Background

**A. Factual Background**

**1. Criminal Case & Conviction**

On April 4, 1995, a federal grand jury – sitting in Brownsville, Texas – returned a twenty count indictment against thirteen defendants. U.S. v. Cisneros, Criminal No. 1:94-181-13, Dkt. No. 152 (J. Vela, presiding) (hereafter "CR 181"). As relevant here, Javier Cisneros was indicted for three counts of possession with the intent to distribute more than 100 kilograms of marihuana, one count of conspiracy to possess with intent to distribute more than 1,000 kilograms of marihuana and one count of money laundering. Id.

On June 19, 1995, Cisneros was found guilty as to all five counts in which he was named. CR 181 Dkt. No. 377.

On August 24, 1995, Cisneros was sentenced on all five counts. CR 181 Dkt. No. 463. As to the three counts of possession with the intent to distribute more than 100 kilograms of

1

marihuana, Cisneros was sentenced to 262 months imprisonment and 8 years of supervised release for each count; each sentence was to be served concurrently. As to the charge of conspiracy to possess with intent to distribute more than 1,000 kilograms of marihuana, Cisneros was also sentenced to 262 months and 8 years of supervised release, to be served concurrent to all other sentences. Id. As to the conviction for money laundering, Cisneros was sentenced to 240 months of incarceration and three years of supervised release, to be served concurrent to his other sentences. Id.[1]

On August 31, 1995, Cisneros filed a notice of appeal. CR 181 Dkt. No. 468. On appeal, Cisneros asserted that the government had failed to turn over exculpatory evidence (that a sheriff's deputy involved in his case was involved in marihuana trafficking); that the trial court erred in denying his motion to suppress evidence; the trial court erred by giving him a two-level increase for obstruction of justice; and that the evidence was insufficient to sustain his conviction. U.S. v. Cisneros, 112 F.3d 1272 (5th Cir. 1997). On May 13, 1997, the Fifth Circuit rejected all of Cisneros's claims and affirmed the conviction. Id. Cisneros did not file a petition for a writ of certiorari with the Supreme Court.

**2. First Habeas Petition**

On October 15, 1996 – while his direct appeal was still pending – Cisneros filed a motion pursuant to FED. R. CIV. P. 60(b)(6), asserting that the indictment was invalid because the Court lacked jurisdiction. Cisneros v. U.S., Civil No. 1:96-178, Dkt. No. 1 (J. Vela, presiding) (hereafter "Case 178" or "first habeas petition"). The Court construed this petition as one filed pursuant to 28 U.S.C. § 2255. Case 178 Dkt. No. 2.

On September 22, 1997, the Court found that Cisneros's petition was "without merit" and dismissed it. Case 178, Dkt. No. 9.

---

[1] On November 16, 1995 – in a separate criminal case – Cisneros was sentenced to 12 months of incarceration and three years of supervised release for conspiracy to aid and assist the escape of prisoners who were committed to the custody of, or upon order of, the Attorney General. U.S. v. Cisneros, Criminal No. 4:95-196-8, Dkt. Nos. 256, 265 (J. Vela, presiding). That sentence was to be served consecutively to Cisneros's sentences in Case 181. Cisneros also filed repeated collateral attacks as to those convictions. Cisneros v. U.S., Civil No. 1:97-3, Dkt. No. 1; Rojas Cisneros v. U.S., Civil No. 1:16-289, Dkt. No. 1.

On October 19, 1998, Cisneros filed a motion for reconsideration of the Court's order dismissing his petition. Case 178, Dkt. No. 10. On December 9, 1998, the Court denied that motion. Id, Dkt. No. 11. On December 30, 1998, Cisneros filed a notice of appeal of that denial of reconsideration. Id, Dkt. No. 12. As discussed further below, the Fifth Circuit addressed the appeal of the denial of the reconsideration motion jointly with Cisneros's appeal of the denial of his second habeas petition.

### 3. Second Habeas Petition

On December 24, 1996, Cisneros filed a memorandum of law, again claiming that the Court lacked jurisdiction over his claims. Cisneros v. U.S., 1:97-3, Dkt. No. 1 (J. Vela presiding) (hereafter "Case 3" or "second habeas petition"). On May 15, 1998, Cisneros filed a motion to vacate his conviction, pursuant to 28 U.S.C. § 2255 in this same case. Id, Dkt. No. 9.

In the second habeas petition, Cisneros asserted: (1) that he received ineffective assistance of counsel at trial; (2) the district court erred by introducing an entire transcript of a witness's testimony into the jury deliberations; (3) the district judge impermissibly bolstered the testimony of government witnesses; and (4) that he received ineffective assistance of appellate counsel. Case 3, Dkt. No. 9.

On May 28, 1998, the District Court "denied" the second habeas petition and dismissed the case. Case 3, Dkt. No. 10.

On October 20, 1998, Cisneros filed a motion for reconsideration. Case 3, Dkt. No. 15. In that motion, Cisneros asserted that the District Court had not considered the merits of his habeas petition. Id. On December 9, 1998, the District Court denied that motion for reconsideration. Case 3, Dkt. No. 16. On December 30, 1998, Cisneros filed a notice of appeal of that denial of reconsideration. Case 3, Dkt. No. 17.

On appeal, the Fifth Circuit considered the appeals of both the first and second habeas petitions. On March 2, 2000, the Fifth Circuit issued a single order for both cases. The order stated that "Cisneros' current § 2255 motion is successive" and denied him a certificate of appealability. Case 178, Dkt. No. 15; Case 3, Dkt. No. 20. Given the posture of the various

3

cases Cisneros had before the Circuit Court, it seems clear that the Fifth Circuit considered Cisneros's second habeas petition as successive. Id.[2]

### 4. Motion for Relief From Judgment

On November 8, 2012, Cisneros filed a motion for relief from judgment pursuant to FED. R. CIV. P. 60. Cisneros v. U.S., Civil No. 12-224, Dkt. No. 1 ("Civil Case 224"). In that motion, Cisneros asserted that the District Court lacked jurisdiction over his first habeas petition, because his direct appeal was still pending when the case was decided. Cisneros also asserted that his first habeas petition should not have been characterized as a habeas petition, because was not given a warning that the Court was considering it as a habeas petition. Cisneros further asserted that his second habeas petition – the petition filed on May 15, 1998 – was not considered on the merits. He asked the Court to vacate the judgment order in the first habeas petition and then consider his second habeas petition to be his original petition and consider it on its merits. Id.

On July 20, 2015, the Magistrate Judge issued a report and recommendation, which recommended that the motion be denied. Civil Case 224, Dkt. No. 20. The Magistrate Judge reported that the District Court had jurisdiction to consider the first habeas petition – Case 178 – and that the second habeas petition – Case No. 3 – was adjudicated on the merits. Id. The report and recommendation also noted that the motion for reconsideration was untimely filed. Id.

On August 20, 2015, the District Judge adopted the report and recommendation in full. Civil Case 224, Dkt. No. 25. On September 10, 2015, Cisneros filed a notice of appeal. Id., Dkt. No. 28.

On January 6, 2017, the Fifth Circuit denied Cisneros a certificate of appealability, finding that "the district court's reasons for denying the Rule 60(b) motion are not debatable." Civil Case 224, Dkt. No. 39.

---

[2] The Court notes that on June 14, 2001, Cisneros filed a motion with the Fifth Circuit to be granted authorization to file a successive habeas petition. In re: Cisneros, Case No. 01-40641 (5th Cir. 2001). That motion was denied. Id.

### B. Procedural History

On February 13, 2017, Cisneros filed the instant motion to vacate, set aside or correct his sentence. Dkt. No. 1. In the current motion, Cisneros again asserts that: (1) he received ineffective assistance of counsel; (2) the district judge impermissibly bolstered the testimony of government witnesses; (3) he received ineffective assistance of appellate counsel; and (4) he was subjected to selective prosecution. Dkt. Nos. 1, 2.[3]

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

As relevant here, 28 U.S.C. § 2255 provides:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to obtain authorization from the appropriate federal appellate circuit court before he or she may file a "second or successive" petition for relief in federal district court. 28 U.S.C. § 2444(b)(3). U.S. v. Rich, 141 F.3d 550 (5th Cir. 1998); Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999). Absent such authorization, the district court lacks the jurisdiction to hear the case. U.S. v. Key, 205 F.3d 773, 774 (5th Cir. 2000). If a petitioner files a second or successive habeas petition in the district court, without the authorization of the appellate court, "it would be immediately dismissed for lack of jurisdiction." Id.

---

[3] The Court notes that Cisneros raised many of these same arguments in his second habeas petition and they were considered and rejected at that time. Cisneros v. U.S., 1:97-3, Dkt. No. 9.

A petitioner may not file a second or successive petition unless it has been certified by "a panel of the appropriate court of appeals" to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

A motion that attacks a previously decided 2255 petition, or challenges the judgment of conviction or sentence, is a second or successive petition and must be authorized by the appropriate court of appeals. U.S. v. Mason, 116 Fed. App'x. 469, 470 n. 4 (5th Cir. 2004) (unpubl.) (citing U. S. v. Rich, 141 F.3d 550, 553 (5th Cir. 1998)). Irrespective of how it is styled – in the absence of express authorization by the circuit appellate court – a second or successive habeas petition is to be dismissed by the district court for lack of jurisdiction. Key, 205 F.3d at 774.

### B. Mandate Rule

The mandate rule bars a District Court from considering issues decided by the court of appeals. Goodwin v. Johnson, 224 F.3d 450, 457 (5th Cir. 2000). The mandate rule also "bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." U.S. v. Lee, 358 F.3d 315, 321 (5th Cir. 2004). A lower court must implement both "the letter and the spirit of the appellate court's mandate." U.S. v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002).

"In implementing the mandate, the district court must take into account the appellate court's opinion and the circumstances it embraces." Lee, 358 F.3d at 321 (internal quotation marks omitted). The court, however, may consider any issue not expressly or impliedly disposed of on appeal. Newball v. Offshore Logistics Int'l, 803 F.2d 821, 826 (5th Cir. 1986). "[A] 'careful reading of the reviewing court's opinion' is required '[t]o determine

6

what issues were actually decided by the mandate.'" <u>Lee</u>, 358 F.3d at 321 (quoting <u>Moore v. Anderson</u>, 222 F.3d 280, 283 (7th Cir. 2000)).

The mandate rule is "a specific application of the law of the case doctrine." <u>Lee</u>, 358 F.3d at 321. "Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." <u>Matthews</u>, 312 F.3d at 657 (internal quotation marks omitted). The limitation imposed by the mandate rule is not jurisdictional, but discretionary. <u>Id.</u>

As a corollary to the law of the case doctrine, the mandate rule is not inviolate. <u>Lee</u>, 358 F.3d at 320. "The law of the case doctrine . . . 'merely expresses the practice of courts generally to refuse to reopen what has been decided,' not a limit on judicial power." <u>Id.</u> (quoting <u>Messinger v. Anderson</u>, 225 U.S. 436, 444 (1912)). Thus, if the ruling from a prior appeal in the same case is "clearly erroneous and would work a manifest injustice," the District Court, on remand, may exceed the appellate court's mandate. <u>Lee</u>, 358 F.3d at 320 n. 3.

### C. Sanctions

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." <u>Dietz v. Bouldin</u>, No. 15-458, 2016 WL 3189528, at *5 (U.S. June 9, 2016). In light of this, the Court may issue sanctions to prevent a litigant from filing baseless claims that needlessly waste judicial time and resources. See <u>Martin v. Magee</u>, 504 F. App'x 309, 312 (5th Cir. 2012) (sanctions were appropriate when counsel "demonstrated a continued pattern of filing frivolous, vexatious appeals that waste judicial resources"). These powers also apply to <u>habeas corpus</u> petitioners who repeatedly file meritless claims. See <u>Phillips v. Quarterman</u>, 227 F. App'x 347, 348 (5th Cir. 2007) (sanctioning habeas petitioner who repeatedly filed frivolous petitions).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a

7

hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.") The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Cisneros' claims, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). "While we read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

### A. Successive

Cisneros has sought to have this Court adjudicate yet another habeas petition. Dkt. No. 19. Even if this Court could otherwise address the merits of Cisneros's habeas petition, this petition is clearly a successive petition. The Fifth Circuit has already decided, by implication, that any future petitions would be successive and this Court is bound by that finding.

When the Fifth Circuit adjudicated Cisneros's habeas appeals, it ruled that his second petition was a successive petition. Case 3, Dkt. No. 20. This Court cannot re-consider an issue decided by the court of appeals. Goodwin, 224 F.3d at 457. This includes both "the letter and the spirit of the appellate court's mandate." Matthews, 312 F.3d at 657. The District Court may not re-visit issues that the Circuit Court decided either "expressly" or "by necessary implication." U.S. v. Teel, 691 F.3d 578, 583 (5th Cir. 2012).

If Cisneros's second habeas petition was a successive petition, the "necessary implication" is that any subsequent habeas petition would also be successive. There is no method by which the Court could comply with the Fifth Circuit's ruling, while also deciding that the current proposed petition is not successive. This Court may avoid the Fifth Circuit's decision only if it finds that the Fifth Circuit's decision was "clearly erroneous and would

8

work a manifest injustice." Lee, 358 F.3d at 320 n. 3. There is no basis for such a finding in this case.

Accordingly, any proposed habeas corpus petition would be a successive petition. Given this fact, Cisneros is required to receive authorization from the Fifth Circuit before proceeding. Because he has failed to obtain such permission, this Court lacks jurisdiction to adjudicate a successive petition. Key, 205 F.3d at 774. Accordingly, the instant petition should be dismissed to allow Cisneros to seek authorization from the Fifth Circuit.

### B. Sanctions

It can fairly be said that Cisneros is a serial litigant. As was previously discussed in the factual background, he has filed at least three habeas petitions, one motion for relief from judgment, and a prior authorization for a successive habeas petition. He has been litigating his conviction for almost 20 years and has never filed a non-frivolous argument during that time.

Given his penchant for filing frivolous attacks on his conviction – and the resulting expense of the Court's resources to resolve those meritless claims – Cisneros' repeated filings constitute an abuse of the litigation process. Accordingly, it would seem appropriate that the Court issue an order, directing the Clerk of Court to refuse any future habeas petitions from Cisneros. Any such petitions should be mailed back to him.

## V. Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Javier Cisneros's § 2255 petition, Dkt. No. 1, be **DISMISSED** for lack of jurisdiction as a successive petition. It is further recommended that the Court prohibit Cisneros from filing any future collateral attacks on his conviction.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336

(2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A District Court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Cisneros's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Cisneros's § 2255 motion raised issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on February 15, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge